IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSLVANIA

| | |
|---|---|
| ROBERT COOKE, | : CIVIL ACTION NO: |
| Plaintiff | : |
| vs. | : |
| ENCOMPASS INDEMNITY COMPANY, | : |
| Defendant | : |

## COMPLAINT

The Plaintiff, Robert Cooke, by and through his counsel, the Anzalone Law Offices, LLC, files this Complaint against the Defendant, Encompass Indemnity Company, averring in support thereof as follows:

1. The Plaintiff, Robert Cooke, is an adult individual who resides and is domiciled at 2363-212 Paradise Trail, Analomink, Pennsylvania 18320.

2. The Defendant, Encompass Indemnity Company, is an insurance company licensed to do business in Pennsylvania with a principle place of business located at 2775 Sanders Road, Northbrook, Illinois 60062.

3. The Defendant, Encompass Indemnity Company, maintains significant contacts with and regularly conducts business in the Middle District of Pennsylvania, thereby making venue appropriate pursuant to 28 U.S.C. §1391(a).

4. The amount in controversary herein exclusive of interest and costs, is in excess of $75,000.00 and jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

5. The Defendant, Encompass Indemnity Company, is the automobile insurance provider for the Plaintiff, Robert Cooke, who purchased his policy of insurance in Monroe County, Pennsylvania. A copy of the policy coverage summary setting forth the contractual relationship between Plaintiff, Robert Cooke, and the Defendant, Encompass Indemnity Company, is attached hereto as Exhibit "A".

6. As part of the policy of insurance purchased through the Defendant, Encompass Indemnity Company, the Plaintiff, Robert Cooke, purchased underinsured motorist coverage in the amount of $250,000.00. (See Exhibit "A", policy coverage summary.)

7. On December 8, 2016, the Plaintiff, Robert Cooke, was involved in a motor vehicle collision at the intersection of North 5th Street and Scott Street in East Stroudsburg, Monroe County, Pennsylvania.

8. On the aforementioned date, Mr. Cooke was traveling northbound along North 5th Street in his 2006 Honda Pilot when a 2012 Nissan Altima traveling in the opposite direction attempted to turn left in front of Mr. Cooke's vehicle. Mr. Cooke did not have time to react and a collision occurred.

9. The aforementioned 2012 Nissan Altima was driven by Angelina Pendola and owned by Adrienne Ramnarain. The vehicle was insured by GEICO Casualty Company with bodily injury coverage totaling $15,000.00.

10. As a result of the collision, which was caused by the negligence of Angelina Pendola, the Plaintiff, Robert Cooke, sustained the following severe, serious, painful, and permanent injuries, which include but are not limited to the following:

    a) Acute bilateral low back pain with right sided sciatica;

    b) Injury to cervical spine;

    c) Sacroiliitis;

    d) Whiplash injury;

    e) Gait dysfunction;

    f) Complex tear of the posterior horn of the medial meniscus with oblique undersurface tearing to the right knee;

    g) Lumbar radiculopathy; and

    h) Segmental and symmatic dysfunction of the cervical and lumbar spine.

11. In or around December 2017, GEICO Casualty Company tendered its policy limit of $15,000.00 to resolve Mr. Cooke's bodily injury claim against its insured.

12. On December 27, 2017, the Defendant, Encompass Indemnity Company, by and through its agent and/or employee, Tammy Weidner, consented to the settlement and waived its subrogation interest against GEICO Casualty Company.

13. On January 23, 2018, the Plaintiff, Robert Cooke, submitted a demand to the Defendant, Encompass Indemnity Company, in the amount of $160,000.00.

14. On February 14, 2018, the Defendant, Encompass Indemnity Company, responded to Plaintiff's demand with an offer of $10,000.00. The basis for the $10,000.00 offer in response to a $160,000.00 demand was that the Defendant, Encompass Indemnity Company, did not consider Mr. Cooke's knee injury to be related to the motor vehicle collision because he did not see an orthopedic surgeon until April 2017, approximately four (4) months following the accident.

15. On February 19, 2018, counsel for the Plaintiff, Robert Cooke, issued a letter to the Defendant, Encompass Indemnity Company, explaining that Mr. Cooke's complaints of right knee pain existed long before April 2017 and, in fact, were present at his first physical therapy

appointment on February 16, 2017. In the aforementioned letter, Mr. Cooke's right knee complaints were detailed demonstrating that Mr. Cooke persistently complained of right knee pain following the accident on February 16, 2017, March 8, 2017, and March 20, 2017. It was at that point, that he was referred to an orthopedist who diagnosed Mr. Cooke as having sustained a torn meniscus.

16. On April 24, 2017, the Plaintiff, Robert Cooke, underwent surgery upon his right knee to repair the torn meniscus.

17. In addition to surgery upon his right knee, Mr. Cooke has undergone extensive medical treatment for injuries to his lumbar spine, cervical spine and right knee, including physical therapy, injections, and chiropractic care.

18. As a result of the injuries sustained in the collision, the Plaintiff, Robert Cooke, has obtained medical care and treatment from a variety of medical providers for which recovery is sought to the extent that the expenses for such treatment exceeds the first party medical benefits available to him through the Defendant, Encompass Indemnity Company.

19. As a result of the injuries sustained in the collision, the Plaintiff, Robert Cooke, has suffered and continues to suffer a loss of his earnings capacity and power. A claim for which is hereby made.

20. As a result of the injuries sustained in the collision, the Plaintiff, Robert Cooke, was rendered sick, sore, disabled, and sustained severe mental and physical pain and great discomfort all of which required medical care and treatment. A claim for which is hereby made.

21. As a result of the injuries sustained in the collision, the Plaintiff, Robert Cooke, suffered and continues to suffer from physical and mental pain, discomfort and inconvenience, and has been informed, believes and therefore avers that his injuries are of a continuing and

permanent nature and will continue to suffer and require additional medical care and treatment from time to time.

22. The Plaintiff, Robert Cooke, has been informed, believes and therefore avers that he may be obligated to spend various sums of money and incur various expenses for treatment of his injuries in the future. A claim is made for the costs of said treatment to the extent that it exceeds the first party medical benefits available to Mr. Cooke through the Defendant, Encompass Indemnity Company.

23. As a further result of the injuries sustained in the collision, Mr. Cooke sustained and will continue to sustain a loss of the everyday pleasures and enjoyments of life.

## COUNT I

## BREACH OF CONTRACT

## ROBERT COOKE vs. ENCOMPASS INDEMNITY COMPANY

24. The Plaintiff, Robert Cooke, incorporate by reference, paragraphs 1 through 23 as though the same were set forth fully at length herein.

25. At the time of the collision, the third-party tortfeasor, Angelina Pendola, had insurance available through GEICO Casualty Company.

26. The third-party tortfeasor, Angelina Pendola, had no applicable insurance beyond the liability limits afforded by GEICO Casualty Company.

27. The bodily injury liability protection provided by GEICO Casualty Company in the amount of $15,000.00 is inadequate to compensate the Plaintiff, Robert Cooke, for injuries and damages he sustained as a result of the subject matter collision.

28. At all relevant times hereto, the Plaintiff, Robert Cooke, maintained an insurance policy issued by the Defendant, Encompass Indemnity Company. See Exhibit "A".

29. The aforementioned insurance policy maintained by the Plaintiff, Robert Cooke, through the Defendant, Encompass Indemnity Company, entitles Mr. Cooke to underinsured motorist coverage up to $250,000.00.

30. As a result of Plaintiff's decision and election to purchase underinsured motorist coverage, he paid the Defendant, Encompass Indemnity Company, an increased premium.

31. The Plaintiff, Robert Cooke, placed the Defendant, Encompass Indemnity Company, on notice of his claim for underinsured motorist benefits.

32. To date, Plaintiff, Robert Cooke, has fully complied with the terms, conditions, and duties required by Encompass Indemnity Company, relative to underinsured motorist benefits.

33. To date, the Defendant, Encompass Indemnity Company, has failed to fully and fairly evaluate the Plaintiff's claim for underinsured motorist benefits.

34. To date, the Defendant, Encompass Indemnity Company, has failed to promptly offer payment of a reasonable and fair value to resolve the underinsured motorist benefits claim.

35. As the insurer of the Plaintiff, Robert Cooke, the Defendant, Encompass Indemnity Company, owes a contractual obligation to investigate, evaluate, and negotiate the underinsured motorist claim and to arrive at a prompt, fair and equitable settlement of the claim.

36. For the reasons set forth herein, the Defendant, Encompass Indemnity Company, has violated its obligations under the policy of insurance and breached its duties under the contract of insurance relative to the Plaintiff, Robert Cooke's, underinsured motorist benefits claim.

WHEREFORE, the Plaintiff, Robert Cooke, hereby demands judgment in his favor and against the Defendant, Encompass Indemnity Company, in an amount in excess of Seventy-Five

Thousand Dollars ($75,000.00) which said amount is in excess of the jurisdictional limit for the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

ANZALONE LAW OFFICES, LLC

BY: _____
PATRICK J. DOYLE, JR., ESQUIRE
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: **Patrick J. Doyle, Jr., Esquire**

Signature: _____

Name: **Patrick J. Doyle, Jr., Esquire**

Attorney No. (if applicable): **203542**

Rev. 12/2017

## VERIFICATION

I, ROBERT COOKE, Plaintiff herein, certify that the statements contained in the foregoing Complaint are true and correct and are made subject to the penalties of F.C.R.P. Rule 11(a), relating to unsworn falsification to authorities.

_____
ROBERT COOKE